■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAHMAL NELSON, Appellant. [931 NYS2d 868]—

The hearing court properly denied defendant's suppression motion. In finding a lawful search and seizure, the court credited the testimony of the police witnesses and not that of the defense witnesses. There is no basis for disturbing the court's credibility determinations (*see generally People v Prochilo*, 41 NY2d 759, 761 [1977]).

At the hearing, the prosecutor extensively cross-examined a defense witness about his criminal history and prior bad acts. The court's rulings on the scope of that cross-examination were proper exercises of discretion. In any event, there is no reasonable possibility that any errors in this regard affected the suppression ruling.

The trial court properly exercised its discretion in limiting defendant's attempt to impeach the credibility of the police witnesses by way of extrinsic evidence. In any event, any error in this ruling was harmless in view of the overwhelming evidence

434

of guilt and the relative insignificance of the excluded evidence. Moreover, despite the court's ruling, defendant was able to elicit some of the excluded evidence from a defense witness. Concur— Friedman, J.P., Catterson, Moskowitz, Freedman and Abdus-Salaam, JJ.